<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN M. CARMEN,<br><br>    *Plaintiff,*<br><br>v.<br><br>MADISON SQUARE GARDEN, METROPOLITAN TRANSIT AUTHORITY, and A.B.C. UNKNOWN, et al.,<br><br>    *Defendants.* | Civil Action No.: 24-04614<br><br>**OPINION**<br><br>December 30, 2024 |

**SEMPER**, District Judge.

    **THIS MATTER** is before this Court upon Defendant, MSG Arena, LLC's ("Defendant" or "MSG") (improperly pled as Madison Square Garden), motion to dismiss Plaintiff's ("Plaintiff" or "Carmen") Complaint (ECF 1, "Compl."), pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), (ECF 9-1, "Def. Br."), and the Court having considered the Complaint, Defendant and Plaintiff's submissions; and

    **WHEREAS** Plaintiff's Complaint names two defendants, "Madison Square Garden," and Metropolitan Transit Authority. (Compl. at 2.) The Complaint alleges that Plaintiff was injured on May 26, 2023, after returning from a trip to Atlanta, Georgia, and arriving at LaGuardia Airport. (*Id*. at 3.) Plaintiff states that Madison Square Garden was under construction upon arrival and following her arrival at LaGuardia airport, there were no handicap accommodations in and out of "the terminal." (*Id*.) Plaintiff further claims that she entered at the New Jersey Transit entrances and that it was raining on the evening of May 26. (*Id*.) Plaintiff then claims that she is handicapped, without a description of the alleged handicap, and that she "fell down" and "broke[]" her shoulder

after the "moving excaltors" [sic] malfunctioned. (*Id*.) Plaintiff claims she went to the hospital and was advised that she needed to undergo surgery, but due to her severe epilepsy and chronic seizure disorder the doctor refused to perform the surgery. (*Id*.) As a result, Plaintiff claims that she will require therapy for the rest of her life to address her injuries and that she is entitled to $50 million dollars; and

**WHEREAS** Defendant argues this case must be dismissed, for among other things, failure to serve Defendant in accordance with the Federal Rules of Civil Procedure. (Def. Br. at 4-5.) Federal Rule of Civil Procedure 12(b)(5) permits courts to dismiss a case for insufficient service of process. Federal Rule of Civil Procedure 4 governs the requirements for proper service. *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018); and

**WHEREAS** Defendant contends that Plaintiff failed to complete service because Plaintiff failed to comply with New Jersey's long arm statute. Specifically, "[w]hen personal service cannot be effected within the state, Rule 4:4-4(b) permits substituted or constructive service to obtain personal jurisdiction over a defendant."[1] *Adv. Surgery Ctr. v. Connecticut Gen. Life, Ins. Co.,* No. 12-2715, 2012 WL 3598815 at *5 (D.N.J. July 31, 2012). However, "under the Rule, effective service on an out-of-state defendant requires that the serving party first investigate the possibility of personal service on the defendant in New Jersey. If service cannot be made within the state, Plaintiff must provide an affidavit explaining that despite diligent effort personal service cannot be made in the state of New Jersey." *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 17-3531, 2017 WL 6816733 at *3 (D.N.J. Dec. 12, 2017) (citing N.J. Ct. R. 4:4-4(b)(1)). Here,

---

[1] Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1).

Defendant contends "there is no suggestion on the court's docket that any effort to serve any defendant in New Jersey was made, much less supported by a duly filed affidavit of diligent inquiry." (Def. Br. at 5.) Further, Defendant contends that even if such effort had been made, "it is readily apparent that this Complaint, naming as it does a nonexistent entity, 'Madison Square Garden,' as a defendant, is patently deficient and any such service would be defective as a result." (*Id*); and

**WHEREAS** "[t]he failure to file an affidavit of diligent inquiry is not a mere technicality, but error that deprives a court of jurisdiction." *Advanced Surgery Ctr.*, 2012 WL 3598815 at *6. (internal citations omitted). "Notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Notwithstanding, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Courts are "reluctant to dismiss an action" when a plaintiff acts in good faith but fails to effectuate proper service. *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013); *see also Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (noting that courts will grant additional time to a plaintiff who acts in good faith to properly serve a defendant despite prior failure to effect proper service of process); and

**WHEREAS** here, *pro se* Plaintiff's mistakes in effecting service appear to have been made in good faith. Taking into consideration Plaintiff's *pro se* status, this Court will exercise its discretion and provide Plaintiff with a forty-five (45) day extension upon which to properly serve Defendants in accordance with the Federal Rules. In addition, Plaintiff is directed to read the Federal Rules of Civil Procedure before attempting to serve Defendant again. Therefore, for the

foregoing reasons, Defendant's motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction (ECF 9) is **DENIED.**[2]

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.

---

[2] Because the Court is quashing service and directing Plaintiff to re-serve Defendant, the Court will not address Defendant's remaining arguments for dismissal at this time.