<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN M. CARMEN,<br><br>*Plaintiff*,<br><br>v.<br><br>MADISON SQUARE GARDEN et al.,<br><br>*Defendants*. | Civil Action No. 24-04614<br><br>**OPINION AND ORDER**<br><br>August 19, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court *sua sponte* upon Plaintiff Susan M. Carmen's ("Plaintiff") Complaint against "Madison Square Garden"[1] ("Defendant" or "MSG"). The Complaint (ECF 1), which was filed with an *in forma pauperis* application, is subject to the screening provisions in 28 U.S.C. §1915(e). For the reasons set forth below, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii); failure to meet the pleading standard set forth in Fed. R. Civ. P. 8; and failure to properly effectuate service pursuant to Fed. R. Civ. P. 4.

**WHEREAS** this case arises from Plaintiff's alleged injury following her arrival to LaGuardia Airport after a flight from Atlanta, Georgia on May 26, 2023 (ECF 1, "Compl." at 3). Carmen alleges that there was construction and a lack of public accommodation to enter and exit the terminal. (*Id.*) She then "entered at the New Jersey Transit entrance" and boarded a moving escalator. (*Id.*) Carmen alleges that the escalator "malfunctioned" and she fell down the escalator

---

[1] Madison Square Garden is improperly named in the Complaint. Defendant's proper name is MSG Arena, LLC.

steps, which resulted in a broken shoulder. (*Id.*) Plaintiff further claims that due to her being handicapped she did not realize the full extent of her injuries until some later time, and was eventually told that her shoulder was broken and required surgery. (*Id.*) She alleges that she could not have shoulder surgery as the recovery process would be complicated by her epilepsy. (*Id.*) Carmen alleges that she needs life-long therapy. (*Id.*) Plaintiff further claims the Defendant was grossly negligent and she seeks $50,000,000 and payment of her medical bills for the rest of her life. (*Id* at 4); and

      **WHEREAS** Carmen filed her handwritten 5-page complaint on April 5, 2024. (ECF 1.) She also filed an application to proceed *in forma pauperis* on the same date. (ECF 1-4, "IFP Application.") The Court granted Plaintiff's IFP Application on April 15, 2024. (ECF 4.) MSG moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) on June 26, 2024. (ECF 9, "Def. MTD".) The Court denied Defendant's motion to dismiss on December 30, 2024, taking into consideration Plaintiff's *pro se* status and her apparent efforts in effecting service.[2] (ECF 10, "December 30 Opinion.") The Court granted the Plaintiff a forty-five-day extension to properly serve the defendant in accordance with the Federal Rules. *See id.*; and

      **WHEREAS** Plaintiff did not file proof of service within 45 days, and the Court issued a Notice of Call for dismissal on March 14, 2025 directing Plaintiff to serve Defendant by April 4, 2025. (ECF 18, "March 14, 2025 Notice.") On April 10, 2025, Plaintiff filed a Certificate of Service (ECF 20, "Certificate of Service"), which states that she served a security guard at Madison Square Garden named "Gloria P." (*Id.* at 3.) On April 14, 2025, the Court ordered Defendant to file a submission stating if it accepted or contested Plaintiff's Service of Process. (ECF 21). On

---

[2] The Court did not reach Defendants' arguments pursuant to Rule 12(b)(6) at that time.

2

April 21, 2025, Defendant filed a response to the Court's April 14, 2025 Order. (ECF 22.) In its April 21, 2025 response, Defendant states that Plaintiff has still failed to properly effectuate service under Rule 4. (ECF 22 at 1-3.) Defendant further argues that the Complaint fails to state a plausible claim for relief under Rule 12(b)(6) and that the Complaint improperly pursues a non-entity ("Madison Square Garden") as Defendant, subjecting the Complaint to dismissal pursuant to Rule 12(b)(4); and

**WHEREAS** District Courts must review complaints in civil actions where the plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(e).[3] Under this statute, District Courts must *sua sponte* dismiss any claim that (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii). "When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). Additionally, pro se complaints must be construed liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); and

**WHEREAS** a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does

---

[3] Although this Court has previously ruled on Defendant's Motion to Dismiss (*see* ECF 9, ECF 10), under 28 U.S.C. § 1915(e), a court "shall dismiss the case ***at any time***" if it determines that the case is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii) (emphasis added). Moreover, this Court may dismiss a Complaint *sua sponte* for failure to comply with Rule 8 when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

3

require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id*. at 789; and

**WHEREAS** in evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and "draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010); and

**WHEREAS** "[a]ll pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8," which requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." *Bey v. Superior Ct. of New Jersey*, No. 23-CV-03376, 2024 WL 2207307, at *2 (D.N.J. May 16, 2024) (citing *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)); and

**WHEREAS** the allegations in the Complaint fail to conform to the pleading requirements of Rule 8(a). Further, even when viewing the allegations most favorably to Plaintiff, the allegations fail to state a claim upon which relief may be granted. Applying the Rule 12(b)(6) standard under § 1915(e)(2)(B)(ii), Plaintiff has not sufficiently stated a claim against Madison Square Garden.

4

The facts alleged in the Complaint do not explain how the accident occurred at Madison Square Garden. In fact, it is entirely unclear from the Complaint where the accident occurred. Plaintiff does not allege that the "New Jersey Transit Entrance" exists at Madison Square Garden, or that she was injured on an escalator connected to Madison Square Garden as opposed to another building. In other words, the Complaint is devoid of any allegations tying Madison Square Garden to any of the alleged events leading to Plaintiff's injuries. (*See generally* Compl.); and

**WHEREAS** Plaintiff's Complaint also must be dismissed pursuant to Rule 4, which governs the requirements for proper service. Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed her complaint on April 5, 2024. (ECF 1.) Because she did not properly effectuate service within the time period prescribed by Rule 4, on December 31, 2024, this Court granted a 45-day extension upon which to properly serve the Defendant. (ECF 10.) When Plaintiff failed to meet that deadline, on March 14, 2025, the Court directed Plaintiff to serve Defendant by April 4, 2025 (ECF 18); and

**WHEREAS** Plaintiff filed the Certificate of Service following the March 14, 2025 Notice, but Plaintiff's service of process is still insufficient under Rule 4. Rule 4(h) governs service of process on a corporation, partnership, or association. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1)(A), Plaintiff could have served Defendant "in the manner prescribed by Rule 4(e)(1) for serving an individual," which covers service in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In its December 30 Opinion, the Court agreed with Defendant that Plaintiff failed to complete service because Plaintiff

5

did not comply with New Jersey's long arm statute. (December 30 Opinion at 2.) Defendant now argues, and the Court agrees, that Plaintiff failed to cure the defect that gave rise to the initial quashing of service. (ECF 22 at 1-2); and

**WHEREAS** under the New Jersey long arm statute, "[w]hen personal service cannot be effected within the state, Rule 4:4-4(b) permits substituted or constructive service to obtain personal jurisdiction over a defendant." *1 Adv. Surgery Ctr. v. Connecticut Gen. Life, Ins. Co.*, No. 12-2715, 2012 WL 3598815, at *5 (D.N.J. July 31, 2012). However, "under the Rule, effective service on an out-of-state defendant requires that the serving party first investigate the possibility of personal service on the defendant in New Jersey. If service cannot be made within the state, Plaintiff must provide an affidavit explaining that despite diligent effort personal service cannot be made in the state of New Jersey." *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 17-3531, 2017 WL 6816733, at *3 (D.N.J. Dec. 12, 2017) (citing N.J. Ct. R. 4:4-4(b)(1)). Here, Plaintiff has not filed an affidavit of diligent inquiry and therefore failed to meet the requirements under Rule 4(h)(1)(A)[4]; and

**WHEREAS** Plaintiff may also serve Defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). According to the Certificate of Service, Plaintiff served process on a security guard at Madison Square Garden named "Gloria P." (Certificate of Service at 3). Simply filing an affidavit stating that process was served on an individual is insufficient. "[P]laintiff must present some evidence which establishes that person served was actually authorized to accept service of process

---

[4] Plaintiff has also failed to comply with New York law for personal service on a limited liability company. *See* N.Y. C.P.L.R. § 311-a.

on behalf of defendant." *Poretskin v. Chanel, Inc.*, 2024 WL 714232, at *3 (D.N.J. Jan. 29, 2024), *report and recommendation adopted*, No. 23-22613, 2024 WL 712583 (D.N.J. Feb. 21, 2024) (citing *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018)). There is no evidence that "Gloria P." is a "an officer, a managing or general agent, or an[ ] . . . agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Additionally, Defendant represents in its April 21, 2025 filing (ECF 22) that the security guard "Gloria P." is not an officer, manager, or authorized agent who can accept service. (ECF 22 at 2.) Further, MSG represents that "Gloria P." refused to accept the attempted service of process. (*Id.*) For these additional reasons, the Court concludes that Plaintiff did not properly serve MSG. This Court "cannot exercise jurisdiction over a party that has not been properly served." *Poretskin*, 2024 WL 714232, at *2.

Accordingly, **IT IS** on this 19th day of August 2025,

**ORDERED** that Plaintiff's Complaint (ECF 1) is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and for failure to effectuate service after notice pursuant to Rule 4(m); and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the entry of this Order to file an Amended Complaint.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
    Parties

7